**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4506**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RANDY MCMAHAN,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville. Henry F. Floyd, District Judge. (6:06-cr-00998-HFF-2)

Submitted: January 22, 2008      Decided: February 15, 2008

Before NIEMEYER, MICHAEL, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Bradley Bennett, SALVINI & BENNETT, LLC, Greenville, South Carolina, for Appellant. Leesa Washington, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Randy McMahan appeals his convictions and sentence of life plus 120 months following his guilty plea to conspiracy to possess with intent to distribute five kilograms or more of cocaine and 1000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (2000), and carrying or using a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (2000).* On appeal, McMahan's attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), questioning whether the district court erred in denying McMahan's motion to withdraw his guilty plea, but concluding there are no meritorious issues for review. McMahan submitted a pro se supplemental brief raising several issues. After a thorough review of the record, we affirm.

The district court's denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). A defendant does not have an absolute right to withdraw a guilty plea. United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). Rather the defendant bears the burden of demonstrating that a "fair and just reason" supports his request to withdraw his plea. Id. Factors considered in determining whether a defendant has shown a fair and just reason

---

*McMahan's life sentence was the statutorily mandated minimum sentence under 21 U.S.C. § 841(b)(1)(A) because of the prior drug felonies to which McMahan stipulated in his plea agreement.

for withdrawing a guilty plea include: (1) whether the defendant has offered credible evidence that the plea was not knowing or voluntary; (2) whether the defendant credibly asserted his legal innocence; (3) whether there has been a delay between the entry of the plea and the filing of the motion; (4) whether the defendant had close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether it will inconvenience the court and waste judicial resources. Id. Although all the factors in Moore must be given appropriate weight, the central question is whether the Rule 11 colloquy was properly conducted. United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995). This court closely scrutinizes the Rule 11 colloquy and attaches a strong presumption that the plea is final and binding if the Rule 11 proceeding is adequate. United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992).

In moving to withdraw his guilty plea, McMahan asserted no error with respect to the Rule 11 hearing. The district court noted that it took McMahan's plea and observed his demeanor at the time, and that McMahan failed to produce any evidence or argument that his plea was not knowing and voluntary. Indeed, at the plea hearing, McMahan stated he was satisfied with counsel's performance, there were no promises or expectations that had not been included in the plea agreement, and he was guilty of the charged offenses. During the plea colloquy, the district court

properly informed McMahan of the rights he was forfeiting as a result of his plea and the nature of the charges and penalties he faced, determined the voluntariness of his guilty plea, disclosed the terms of the plea agreement on the record, and determined there was a sufficient factual basis for the plea. Accordingly, we conclude there were no errors with respect to the Rule 11 plea colloquy.

Moreover, as the district court also observed, McMahan did not claim he was innocent of the charges. McMahan challenged only the drug quantity to which he had earlier stipulated in the plea agreement. His stipulation was reviewed during the plea hearing, and McMahan expressed no objection.

None of the remaining factors weigh in McMahan's favor, as he had competent assistance of counsel throughout the proceedings, and he moved to withdraw his guilty plea approximately three months after the Rule 11 hearing. Because all the Moore factors weighed against allowing McMahan to withdraw his plea, the district court did not abuse its discretion in denying McMahan's motion to withdraw his guilty plea.

We have additionally reviewed all the issues McMahan raises in his pro se supplemental brief regarding the validity of his guilty plea and the predicate felonies qualifying him for the enhanced penalty under 21 U.S.C. § 841(b)(1)(A). We find these arguments to be without merit.

In accordance with <u>Anders</u>, we have reviewed the entire record for meritorious issues and have found none. Accordingly, we affirm McMahan's convictions and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>